**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT ) | CASE NO.: | |
| OF GORE MARINE TRANSPORTATION ) | | |
| COMPANY AS OWNER AND OPERATOR ) | IN ADMIRALTY | |
| OF THE M/V "POPS" FOR EXONERATION ) | | |
| FROM OR LIMITATION OF LIABILITY ) | | |
| _____ ) | | |

**VERIFIED COMPLAINT FOR EXONERATION**
**FROM OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Gore Marine Transportation Company, as owner and operator of the M/V POPS (referred herein as "Petitioner"), to file this Complaint for Exoneration From or Limitation of Liability, and respectfully shows the following:

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) o the Federal Rules of Civil Procedure and Supplemental Rule F.

2. At the time of the incident which forms the basis of the action and at all pertinent times:

    a) Petitioner is a business entity organized and existing under the laws of Georgia.

    b) Petitioner operates tugboats.

    c) Petitioner was and still is the owner and operator of the M/V POPS at the time of the incident which forms the basis of this action.

3. The M/V POPS is a diesel tugboat approximately 70' in length and Weighing 97 gross tons. It bears the Official Vessel No. 285106.

4. M/V POPS is presently located at Jacksonville, Duval County, Florida.

5. As shown in the Declaration of Value, Ad Interim Stipulation, and the Declaration of Freight Pending, attached hereto as Exhibits A, B and C, respectively, and incorporated herein by reference for all purposes, at the time of the incident underlying this claim on November 22, 2020:

   a) the M/V POPS and all its appurtenances, was valued at approximately.

   b) the pending freight of the M/V POPS was $79,500.00.

   c) Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, Letters of Undertaking in the sum of SIX HUNDRED NINETEEN THOUSAND FIVE HUNDRED DOLLARS AND no/100 ($619,500.00), said sum representing the total value of the M/V POPS, its appurtenances, and pending freight following the aforesaid incident, and Petitioner is also prepared, in respect to security to appraisal, to act in accordance with the provisions of Rule F(l) and (7), when and if the Court should warrant.

6. The M/V POPS had begun its voyage on November 21, 2020 at approximately 8:3 0 p.m. pushing the Derrick Barge with crane 64 from Palm Valley Bridge, Florida to Great Lakes Dredge & Dock, Co., LLC's staging area in Jacksonville, Florida. After an off-duty period for a night's rest, the M/V POPS was then to take Anchor Barge # 117 down south to St. Augustine, Florida.

7. On November 22, 2020, three vessels were in a contiguous mooring situation in the West Channel near Blunt Island, Florida. The M/V POPS (Vessel 1) was moored to DREDGE NEW YORK (Vessel 2), owned and operated by Great Lakes Dredge & Dock Co., LLC. The DREDGE NEW YORK was moored to a barge, Anchor Barge # 117 (Vessel 3) also owned by Great Lakes Dredge & Dock, Co. LLC.

8. At approximately 2:30 a.m. on November 22, 2020, the decedent, Captain Oziel Martinez, without wearing any safety equipment, including a life vest, left M/V POPS (Vessel 1) and while transferring across DREDGE NEW YORK (Vessel 2) fell into the water beneath the manwalk, in the walking spud well of the dredge. Despite efforts to locate and save him, he perished in the water.

9. At all times relevant, the DREDGE NEW YORK from which Captain Martinez fell was owned, operated, and maintained by Great Lakes Dredge & Dock Co., LLC.

10. The decedent, Captain Martinez, was employed by Petitioner at the time of his death.

11. The only parties known to have potential ciams at this time are Marina Gaza, Oziel Martinez, Jr. and the Estate of Oziel Martinez, who are represented by Anthony G. Buzbee, Esq., The Buzbee Law Firm, 600 Travis, Suite 6850, Houston, Texas 77002.

12. Petitioner now seeks exoneration from or alternatively, limitation of Hability, as provided by the Shipowner's Limitation of Liability Act, 46 U.S.C. §. 30505,

et seq., for any and all claims arising out of the death of Captain Oziel Martinez on November 22, 2020 and any other claims arising out of the incident occurring on November 22, 2020.

13. This action is timely filed pursuant to Supplemental Rule F (1).

14. Venue is proper in this Court because M/V POPS is presently located at Jacksonville, Florida and no cases are pending against Petitioner Gore.

15. The incident described above, and any damages claimed as a result thereof were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Petitioner.

16. At all times pertinent and at the time of the incident, Petitioner used due diligence and maintained the M/V POPS in all respects seaworthy, and at all times in question, M/V POPS was fully and properly equipped and fit for the service in which it was engaged.

17. The vessel from which the decedent Captain Martinez fell was at all times owned and maintained by the owners of DREDGE NEW YORK.

18. The incident described above, and any damages claimed as a result thereof occurred without the fault, privity, or knowledge of the Petitioner.

19. Petitioner contests its liability and the liability of the M/V POPS for any claims made and/ or that may be made against it as it has valid defenses in fact and law.

20. Petitioner claims exoneration from liability for any and all injuries, losses, or damages occurring as a result of the aforementioned incident and for any and all claims thereof. Petitioner alleges that it has valid defenses thereto on the facts and on the law. Alternatively, Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code, and to that end, Petitioner herewith deposits into the registry of the Court, as security for the benefit of potential claimants, the aforementioned Letters of Undertaking.

21. Petitioner shows that if it should be held liable to any degree to anyone, which is denied, the liability should be limited to and not exceed the value of Petitioner's interest in the aforementioned vessel and her freight then pending in the maximum aggregate of Six Hundred Nineteen Thousand Five Hundred Dollars ($619,500.00).

22. Contemporaneous with this filing, Petitioner files its *Ad Interim Stipulation and Letters of Undertaking* for an amount equal to the value of Petitioner's interest in the M/V POPS as set forth in Supplemental Rule F. This *Ad Interim Stipulation* is to stand in the place of a Stipulation for Value if the amount thereof is not contested by any claimant herein.

23. All and singular, the above premise of this Complaint are true and correct within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioner Gore Marine Transportation Company, as owner and operator of the M/V POPS, prays that:

1. Upon the filing of the *Ad Interim Stipulation and Letters* Undertaking in the amount of $619,500.00, the Court, in accordance with Federal Rules, shall cause a Monition to be issued to all persons asserting claims in respect to which Gore Marine Transportation Company, as owner and operator of M/V POPS seeks limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be set forth in the Monition or be forever barred and permanently enjoined from making and filing any such claims;

2. The Court, upon the filing of the *Ad Interim Stipulation and Letters of Undertaking,* issue an injunction restraining the filing, commencement and further prosecution in any Court of any action or legal proceedings of any nature or kind whatsoever against the Petitioner or Petitioner's property with respect to any claim subject to limitation in this action;

3. If any claimant, who shall file its claim, files an exception controverting the value of the M/V POPS in its condition as alleged herein, or to the amount of the *Ad Interim Stipulation,* the Court shall cause due appraisal

to be made of the value of the M/V POPS during the time of the incident, and the value of Petitioner's interest therein; and, in the event the appraised value exceeds the limitation fund or security filed with the Court by Petitioner, that this Honorable Court enter an Order for the payment into the Court of the higher value of Petitioner's interests therein, or for giving security in the same amount pursuant to the Supplemental Rules;

4. The Court adjudge that Petitioner is not liable to any extent whatsoever for any losses, damages, injuries and for any claims arising in consequence of the matters, happenings or events stated in this Complaint and exonerate Petitioner from liability therefor;

5. In the alternative, if this Honorable Court should adjudge that Petitioner may be liable in any amount whatsoever, the Court adjudge said liability limited to the value or amounts of interest of Petitioner in the M/V POPS; that the monies paid or ordered to be paid may be divided pro rata among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging Petitioner from all other liabilities; and,

6. That Petitioner have such other and further relief as they may be entitled at law, in equity or in admiralty, including the right to supplement and amend these pleadings in order to achieve justice.

Dated this 21st day of May 2021.

                    Respectfully submitted,

                    *(Attorneys for Petitioner Gore Marine Transportation Company)*

                    **SIOLI ALEXANDER PINO**
                    9155 S. Dadeland Blvd.
                    Suite 1600
                    Miami, Florida 33156
                    Tel: (305) 428-2470
                    Fax: (305) 428-2471

                    By: *Henry H. Bolz, III, Esq.*
                        Henry H. Bolz, III, Esq.
                        Florida Bar No.: 0260071
                        hbolz@siolilaw.com

                    **EVANS&CO**
                    Robert C. Evans
                    Louisiana Bar No.: 5398
                    *Appearing Pro Hac Vice*
                    629 Cherokee Street
                    New Orleans, LA 70118
                    Phone: 504-522-1400
                    Fax: 877-585-1401
                    Email: revans@evanslawfirm.com

## VERIFICATION AND DECLARATION UNDER OATH

STATE OF GEORGIA

COUNTY OF MCINTOSH

BEFORE ME, the undersigned authority, personally appeared Jack Gore, who after being duly sworn and said,

1. I am the President of the Gore Marine Transportation Company, with a principal place of business located at 1467 Patterson Island Road SE, Townsend, Georgia.

2. I have read the foregoing Complaint for Exoneration From or Limitation from Liability and that all of the allegations and facts contained herein are true and correct to the best of my knowledge, information, and belief.

FURTHER AFFIANT SAYETH NOT

_____
Jack Gore

The foregoing instrument is acknowledged before me this 21st day of May 2021, by Jack Gore on behalf of Gore Marine Transportation Company:

__✓__ personally, known by me; or

_____ produced the following identification:

_____

NOTARY PUBLIC, State of Georgia

_____
Althea M. Smith
Printed Name

Commission