UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.: 3:21-CV-00525-TJC-MCR

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF GORE MARINE TRANSPORTATION ) <br> COMPANY AS OWNER AND OPERATOR ) <br> OF THE M/V "POPS" FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY ) <br> _____ ) | **IN ADMIRALTY** |

**PETITIONER'S MOTION FOR CLERK'S ENTRY OF DEFAULT
AGAINST NON-FILING CLAIMANTS**

TO:   ELIZABETH WARREN, CLERK OF COURT OF THE UNITED STATES
        DISTRICTCOURT FOR THE MIDDLE DISTRICT OF FLORIDA

Petitioner, Gore Marine Transportation Company (referred herein as "Petitioner") as owner and operator of the M/V "POPS", by and through undersigned counsel and pursuant to 46 U.S.C § 30501 *et seq.* and Supplemental Rule F of the Federal Rules of Civil Procedure, hereby moves the Honorable Elizabeth Warren, Clerk of the United States District Court for the Middle District of Florida, to enter default against all persons and/or entities which failed to file claims against Petitioner by the monition deadline of August 28, 2021, and in support thereof states:

1. On May 21, 2021, Petitioner filed a Verified Complaint for Exoneration from or Limitation of Liability [D.E. 1] under 46 U.S.C. §30501 *et seq.* and Supplemental Rule F of the Federal Rules of Civil Procedure seeking exoneration from or limitation of liability related to any claims for losses and

damages arising from an incident involving the vessel "Pops" on or about November 22, 2020 in which Captain Oziel Martinez died.

2. On June 28, 2021, This Honorable Court entered an Order [D.E. 10] granting Petitioner's Motion for Order for Stipulation of Value, Monition and Injunction [D.E. 4] setting forth **August 2, 2021** as the deadline for all Claimants to file claims pursuant to Supplemental Rule F(5) or be defaulted.

3. Pursuant to Supplemental Rule F(4), Local Rule of Admiralty 1(e) and 6(a), and this Court's Order on Monition [D.E. 11], Petitioner published a copy of the approved Notice of Monition in The Jacksonville Daily Record, a daily newspaper published in Duval County, Florida, on June 10, 2021, June 17, 2021, June 24, 2021, and July 1, 2021. *See* Notice of Filing Proof of Publication [D.E. 12] in Compliance with the Court's May 28, 2021 Order[D.E. 10].

4. On or around June 9, 2021, pursuant to Supplemental Rule F(4), Claimant e-mailed and mailed (via certified mail and first-class mail) all known parties the Order Approving the Ad Interim Stipulation of Value, Directing Issuance of Monition and Injunction, and the Notice of Filing Commencement of Publication. (See Composite Exhibit A).

5. The August 2, 2021 deadline passed and Petitioner notes that on August 2, 2021, only Great Lakes Dredge and Dock Company filed its Rule F(5) Claim and Answer and Affirmative Defenses [D.E. 13] to Petitioner's Verified Complaint for Exoneration from or Limitation of Liability [D.E. 1].

6. Accordingly, all persons or entities which have failed to file claims herein are in

default and this default should be noted on the record. *See* <u>Texas Gulf Sulphur Co. v. Blue Stack Towing Co.</u>, 313 F.2d 359, 361 (5th Circ. 1963)[1]. (affirming the district court's entry of order noting default and denial of leave to file late claim *nunc pro tunc*); *see also* <u>In re Olympia Development Group, Inc.</u>, No. 8:09-cv-02230-VMC-AEP, Docket Entry 22 (M.D. Fla. Jan. 8, 2010); <u>Tanguis v. Westchester MV</u>, Nos. Civ. A. 01-449, Civ. A. 01-1558, Civ. A. 01-3559, 203 WL 2004448, at *1( E.D. La. Apr. 25, 2003); <u>In re Sause Bros. Ocean Towing</u>, No. Civ. 89-609-RE, 1992 WL 220674, at *2 n.1 (D. Or. Feb. 25, 1992).

**WHEREFORE**, Petitioner Gore Marine Transportation Company (referred herein as "Petitioner") as owner and operator of the M/V "POPS", respectfully request the Honorable Elizabeth Warren, Clerk of the United States District Court for the Middle District of Florida, to enter default against all persons and/or entities which have failed to file claims by the monition deadline of August 2, 2021.

Respectfully submitted this 26th day of August 2021.

---

[1] Decisions of the former Fifth Circuit rendered on or before September 30, 1981 are binding precedent on the Eleventh Circuit. *See* <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

**SIOLI ALEXANDER PINO**
Counsel for Petitioner
9155 S. Dadeland Blvd.
Suite 1600
Miami, Florida 33156
Phone: (305) 428-2470
Fax: (305) 428-2471

By:   /s/Henry H. Bolz
      Henry H. Bolz, III, Esq.
      Florida Bar No.: 0260071
      hbolz@siolilaw.com

**EVANS & CO.**
Counsel for Petitioner
Robert C. Evans, Esq.
Louisiana Bar No. 05398
*Appearing Pro Hac Vice*
revans@evanslawfirm.com
629 Cherokee Street
New Orleans, LA 70118
Phone: (504)522-1400
Fax: (877)585-1401

4

## CERTIFICATE OF SERVICE

I hereby certify a true and complete copy of Petitioner's Request for Entry of Default has been served on all counsel of record by means of electronic mail as follows:

James Francis Moseley, Jr.
Thomas C. Sullivan
Moseley, Prichard, Parrish, Knight & Jones
501 W Bay St, Ste. 200
Jacksonville, FL 32202
904/356-1306
904/354-0194 (fax)
jmoseleyjr@mppkj.com
tsullivan@mppkj.com
Counsel for Great Lakes Dredge & Dock Co., LLC

By:   /s/ Henry H. Bolz
      Henry H. Bolz, III, Esq.