**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Case No.: 3:21-CV-00525-TJC-MCR

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) <br> OF GORE MARINE TRANSPORTATION ) <br> COMPANY AS OWNER AND OPERATOR ) <br> OF THE M/V "POPS" FOR ) <br> EXONERATION FROM OR LIMITATION ) <br> OF LIABILITY ) <br> _____ ) | **IN ADMIRALTY** |

**PETITIONER'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST NON-FILING CLAIMANTS**

COMES NOW, Petitioner, GORE MARINE TRANSPORTATION COMPANY (referred herein as "Petitioner") as owner and operator of the M/V "POPS", by and through undersigned counsel and pursuant to 46 U.S.C § 30501 *et seq*. and Supplemental Rule F of the Federal Rules of Civil Procedure 55 (b) (2), herby files this Motion for Entry of Final Default Judgment for Exoneration of Liability Against All Non-Filing Claimants and in support therein states as follows:

1. On May 21, 2021, Petitioner filed a Verified Complaint for Exoneration from or Limitation of Liability [D.E. 1] under 46 U.S.C. §30501 *et seq*. and Supplemental Rule F of the Federal Rules of Civil Procedure seeking exoneration from or limitation of liability related to any claims for losses and damages arising from an incident involving the vessel "Pops" on or about November 22, 2020 in which Captain Oziel Martinez died.

2. On May 28, 2021, This Honorable Court entered an Order [D.E. 10] granting

Petitioner's Motion for Order for Stipulation of Value, Monition and Injunction [D.E. 4] setting forth **August 2, 2021** as the deadline for all Claimants to file claims pursuant to Supplemental Rule F(5) or be defaulted.

3. Pursuant to Supplemental Rule F(4), Local Rule of Admiralty 1(e) and 6(a), and this Court's Order on Monition [D.E. 11], Petitioner published a copy of the approved Notice of Monition in The Jacksonville Daily Record, a daily newspaper published in Duval County, Florida, on June 10, 2021, June 17, 2021, June 24, 2021, and July 1, 2021. *See* Notice of Filing Proof of Publication [D.E. 12] in Compliance with the Court's May 28, 2021 Order[D.E. 10].

4. On or around June 9, 2021, pursuant to Supplemental Rule F(4), Claimant e-mailed and mailed (via certified mail and first-class mail) all known parties the Order Approving the Ad Interim Stipulation of Value, Directing Issuance of Monition and Injunction, and the Notice of Filing Commencement of Publication. (See Composite Exhibit A).

5. The August 2, 2021 deadline passed and only Great Lakes Dredge and Dock Company filed its Rule F(5) Claim and Answer and Affirmative Defenses [D.E. 13] to Petitioner's Verified Complaint for Exoneration from or Limitation of Liability [D.E. 1].

6. On August 26, 2021, Petitioner filed Petitioner's Motion for Clerk's Entry od Default Against Non-Filing Claimants.

7. On October 28, 2021, the Clerk of Court entered an Entry of Default Pursuant to Federal Rule of Civil Procedure 55(a).

## MEMORANDUM OF LAW

Courts apply Federal Rule of Civil Procedure 55 to enter default judgments in maritime cases. Fed. R. Civ. P. 55 contains a two-step process by which a party may obtain a default final judgment. Fed. R. Civ. P. 55 (2021). For any defendant that fails to plead or otherwise defend the lawsuit, the Clerk may enter a clerk's default. Fed. R. Civ. P 55(a) (2021). Thereafter, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against that defendant that failed to appear or defend. Fed. R. Civ. P. 55(b)(2) (2020). Courts follow this same procedure in cases under the Limitation of Liability Act.[1] *See In re Albergo*, No. 17-CV-61281, 2017 WL 9362584 (S.D. Fla. Oct. 3, 2017), *Matter of Complaint of Wild Florida Airboats, LLC*, No. 616CV2207ORL31GJK, 2017 WL 3891777, at *2–3 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted sub nom*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017) (entering default judgment against

---

[1] The Limitation of Liability Act, 46 U.S.C. §§ 30501–30512 states, in pertinent part:
   (a) In general. —Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.
   (b) Claims subject to limitation. —Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

potential claimants that failed to assert a claim by the deadline); *In re Reef Innovations, Inc.*, No. 6:11-CV-1703-ORL-31, 2012 WL 195531, at *2–3 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom,* 2012 WL 177558 (M.D. Fla. Jan. 23, 2012) (same); *In re Narod*, No. 13 CV 554 DRH ETB, 2013 WL 3491088, at *4 (E.D.N.Y. July 10, 2013) (same).

As this claim arises in Admiralty, for Petitioner to move for an entry of default pursuant to Fed. R. Civ. P. 55, Petitioner is required to comply with Supplemental Rule F (4), which states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . <u>The notice shall be published in such newspaper or newspapers as the court may direct once a week for four consecutive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.</u>

Fed. R. Civ. P. Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, R. F(4) (emphasis added).

And Claimants must respond in accordance with Supplemental Rule F(5):

> (5) Claims and Answer. Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. ... If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Fed. R. Civ. P. Supp. Rules for Admiralty or Maritime Claims and Asset Forfeiture Action, R. F(5).

In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner has fulfilled "[his] obligation to publish notice of the limitation proceeding … the Notice expressly and clearly stated the deadline for filing a claim and/or answer … and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re: Ruth*, No. 8:15-CV-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat, No. 8:15-CV-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016).

Therefore, a default judgment may be entered against any potential claimant who failed to respond to a notice of a complaint for exoneration from or limitation of liability by the deadline "provided that the notice complies with the rules, and is: 1) sent to every person known to have made any claim against the vessel at issue; and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims." *Matter of Complaint of Wild Florida Airboats, LLC*, 2017 WL 3891777, at *2–3; s*ee also In re Reef Innovations, Inc.*, 2012 WL 195531, at *2 (stating that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

## LEGAL ANALYSIS

In the present case, Petitioners complied with Supp. Rule F(4). Pursuant to Supplemental Rule F(4), Local Rule F and this Court's Order on Monition [D.E.11], Petitioners duly published a copy of the approved Notice of Monition in *The Jacksonville Daily Record,* a daily newspaper published in Duval County, Florida, on June 10, 2021, June 17, 2021, June 24, 2021, and July 1, 2021. See Notice of Filing Proof of Publication [D.E. 12].

Thereafter, all potential Claimants, despite having more notice of the claim than required by Rule, failed to act and file a claim pursuant to Supp. Rule F(5) within the August 2, 2021 monition period set by this Court. On August 26, 2021, Petitioners filed its Motion for Entry of Clerk's Default which was entered by the Clerk of Court on October 28, 2021 [D.E. 15].

Since no other parties other than GREAT LAKES DREDGE AND DOCK COMPANY have appeared to file claims and to contest the allegations of the Complaint for Exoneration from or Limitation of Liability, Petitioners requests this Court enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) against all claimants that failed to appear or defend.

## CONCLUSION

Petitioner GORE MARINE TRANSPORTATION COMPANY (referred herein as "Petitioner") as owner and operator of the M/V "POPS", respectfully requests this Honorable Court grant this Motion for Entry of Final Default Judgment for Exoneration from Liability Against All Non-Filing Claimants for any

and all losses, damages, personal injuries and/or death alleged to have occurred on or around November 22, 2020 arising from the incident described in the Complaint and that the parties hereto shall bear their own attorney's fees and costs.

Respectfully submitted this  15th  day of November 2021.

                        **SIOLI ALEXANDER PINO**
                        *Counsel for Petitioner*
                        9155 S. Dadeland Blvd.
                        Suite 1600
                        Miami, Florida 33156
                        Phone: (305) 428-2470
                        Fax: (305) 428-2471

By:    */s/ Henry H. Bolz*
          Henry H. Bolz, III, Esq.
          Florida Bar No.: 0260071
          hbolz@siolilaw.com

**EVANS & CO.**
Counsel for Petitioner
Robert C. Evans, Esq.
Louisiana Bar No. 05398
*Appearing Pro Hac Vice*
revans@evanslawfirm.com
629 Cherokee Street
New Orleans, LA 70118
Phone: (504)522-1400
Fax: (877)585-1401

## CERTIFICATE OF SERVICE

   I hereby certify a true and complete copy of Petitioner's Request for Entry of Default has been served on all counsel of record by means of electronic mail as follows:

James Francis Moseley, Jr.
Thomas C. Sullivan
Moseley, Prichard, Parrish, Knight & Jones
501 W Bay St, Ste. 200
Jacksonville, FL 32202
904/356-1306
904/354-0194 (fax)
jmoseleyjr@mppkj.com
tsullivan@mppkj.com
*Counsel for Great Lakes Dredge & Dock Co., LLC*

                 /s/ Henry H. Bolz
                Henry H. Bolz, III, Esq.